UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ANDREW S. ROBBINS,

     Plaintiff,                              CASE NO.: 0:19-cv-62608

v.

OFF LEASE ONLY, INC.,

     Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff, ANDREW S. ROBBINS (hereafter, "Plaintiff"), by and through his undersigned counsel, and hereby files this Complaint against Defendant, OFF LEASE ONLY, INC. (hereafter, "Defendant") and alleges as follows:

### INTRODUCTION

1. This action involves claims of unpaid wages, unpaid commissions, and Family Medical Leave Act violations against Defendant and is brought by Plaintiff as a former employee.

2. Plaintiff alleges violations of his rights under the Family Medical Leave Act (FMLA), 29 USCS § 2601.

### JURISDICTION, VENUE AND PARTIES

3. This Court has jurisdiction to grant relief pursuant to 28 U.S.C. §§ 1331, 1343 (3) and (4) and 29 U.S.C. § 1001 *et seq.* This Court is vested with jurisdiction to order an injunction, back pay, front pay or any other equitable relief as may be proper, and compensatory and punitive damages, attorneys' fees and costs pursuant to 42 U.S.C. § 1981a and 2000(e)-5(g). This Court has jurisdiction over all state law claims pursuant to 42 U.S.C. § 1331 and § 1367.

4.  Venue is proper in the Fort Lauderdale Division of the Southern District of Florida pursuant to 42 U.S.C. § 2000(e)-5(f) (3) and 28 U.S.C. § 1391 (b) and (c) because the unlawful employment practices were committed within this judicial district.

5.  Plaintiff is an individual who resided in Broward County, Florida, during the time of his employment with Defendant and all material times herein. At all material times herein, Plaintiff was employed by Defendant.

6.  Defendant does business in the State of Florida at all material times herein. Defendant is an "employer" as defined by 42 U.S.C. § 2000e(b) and Florida Statutes § 760.02(7) because it is engaged in an industry affecting commerce and has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

**GENERAL ALLEGATIONS**

7.  The Plaintiff was hired by the Defendant in April of 2018 as a Finance Director.

8.  Plaintiff is a U.S. citizen, but also a permanent resident of Brazil.

9.  Plaintiff needed time to go to Brazil to renew documentation.

10. In August of 2019, Plaintiff requested time off to handle personal business in Brazil.

11. On August 15, 2019, the Plaintiff received an email confirming his two-week vacation out of the Country in Brazil.

12. On August 21, 2019, the Plaintiff went in person to the Federal Police and informed them that he only had two weeks to complete the necessary documentation.

13. On August 26, 2019, the Plaintiff received a letter called a "Protocol" which authorized him to leave Brazil and return to work. The Plaintiff notified human resources he would return as scheduled.

14. During his vacation on August 28, 2018, Plaintiff began feeling ill and consulted a doctor. Plaintiff underwent a myriad of medical tests on August 28 & 29, 2019.

15. Plaintiff received a text message from his supervisor indicating the business would be shut down because of the Hurricane on August 30, 2019.  The Plaintiff replied to his supervisor "stay safe and stay dry" and the Plaintiff indicated he was monitoring things from Brazil to ensure the end of the month was wrapped up in preparation for the hurricane.  A few minutes later, the Plaintiff posted on social media that it looked like he would be in Brazil during the impending hurricane because many people were evacuating South Florida.

16. The Plaintiff placed himself on a waiting list for a colonoscopy on Monday because the business would not be open and he wouldn't be able to travel to South Florida due to the trajectory of Hurricane Dorian.

17. A series of emails were sent to the Plaintiff stating that the stores would be closing on September 2, 3, and possibly September 4, 2019 because of Hurricane Dorian.

18. On September 1, 2019 in the evening, the Plaintiff received an email that the weekly conference call would go forward per usual despite the closure.  At that time, the Plaintiff was preparing for his colonoscopy set for early the next morning.

19. On September 2, 2019, the Plaintiff underwent a colonoscopy to determine the extent and nature of his medical condition.  He was not on the weekly conference call because he was preparing or undergoing the colonoscopy.  It was common for a Director or General Manager level employee to miss the weekly conference call for a myriad of reasons including, but not limited to illness.

20. The Plaintiff received the results from his colonoscopy on Wednesday, September 4, 2019. The Plaintiff was advised by doctors to push his flight back to continue treatment and schedule surgery to remove his Gall Bladder.

21. Plaintiff promptly updated his job of his condition to his Supervisor and Human Resources and requested Family Medical Leave and a reasonable accommodation (leave of absence or work remotely): General Manager, Ray Rodriguez said, "don't worry" we got you, we got this, get better and come back."  Ms. Radosevich, she said "so sorry to hear that you are going through this, yes I will send the FMLA paperwork."  During this conversation there was no suggestion that the Plaintiff had abandoned his position.

22. Plaintiff continued to work remotely and maintain communication with his subordinates in the Finance Department and Mr. Rodriguez.

23. On September 5, 2019 in the afternoon, the Plaintiff received an email from Ms. Radosevich that he was denied FMLA because he missed a conference call and "abandoned" his job.

24. The Defendant's purported justification for termination is a pretext.

25. The Plaintiff had his Gall Bladder removed on September 19, 2019 and would have returned to work from FMLA leave on or about September 27, 2019.

26. Plaintiff has retained the undersigned law firm and agreed to compensate it at a reasonable hourly rate for its services.

## COUNT I– VIOLATION OF 29 USCS § 2601, *ET SEQ.* - THE FAMILY MEDICAL LEAVE ACT – INTERFERENCE

27. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 26, as set forth above.

28. At all times relevant to the facts alleged in this Complaint, Plaintiff suffered from serious health conditions including, but not limited to Gallstones, inflammation in his liver, and high levels

of pain requiring the need for the removal of his Gall Bladder. Importantly, the Plaintiff required the removal of his Gall Bladder prior to travel to the United States.

29. The Plaintiff was eligible for FMLA Leave.

30. The Plaintiff was entitled to FMLA Leave.

31. The Defendant knew that Plaintiff was exercising his rights under the FMLA and was aware of Plaintiff's right to a FMLA-protected leave of absence.

32. Plaintiff was terminated for missing a hastily scheduled conference call on a non-working day. During the telephone call, the Plaintiff was at the hospital undergoing and/or prepping for a colonoscopy.

33. As soon as the Plaintiff became aware that he could not return after Hurricane Dorian, he notified the Defendant.

34. Plaintiff was denied FMLA.

35. Plaintiff was injured due to Defendant's violations of the FMLA, in that he has suffered lost wages, salary, employment benefits and other compensation, and as such, is entitled to legal relief.

WHEREFORE, Plaintiff, ANDREW S. ROBBINS demands the following against the Defendant, OFF LEASE ONLY, INC.:

(a) A judgment that Defendant interfered against the Plaintiff in violation of the FMLA;

(b) Compensation for lost wages, benefits, and other remuneration;

(c) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interests, pension rights and all benefits, or in the alternative, enter a judgment pursuant to 29 U.S.C. Section 2617(a)(1)(A)(i)(II) against Defendant and in favor of Plaintiff for the monetary losses Plaintiff suffered as a direct result of Defendant's violation of the FMLA;

(d) Liquidated damages;

(e) Prejudgment interest on all monetary recovery obtained;

(f) All costs and attorney's fees incurred in prosecuting these claims; and

(g) Any other such relief as this Court deems just and proper.

## <u>COUNT II– VIOLATION OF 29 USCS § 2601. - THE FAMILY MEDICAL LEAVE ACT – RETALIATION</u>

36. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 26, as set forth above.

37. At all times relevant to the facts alleged in this Complaint, Plaintiff suffered from serious health conditions including, but not limited to Gallstones, inflammation in his liver, and high levels of pain requiring the need for the removal of his Gall Bladder. Importantly, the Plaintiff required the removal of his Gall Bladder prior to travel to the United States and prevented him from returning to the office to perform his job duties on site.

38. The Plaintiff was employed for at least twelve months.

39. The Plaintiff worked for at least 1,250 hours during the twelve-month period before the date any FMLA leave was scheduled to begin with his employer.

40. The Defendant knew that Plaintiff was exercising his rights under the FMLA and was aware of Plaintiff's right to a FMLA-protected leave of absence.

41. The Plaintiff engaged in protected activity when he requested the ability to take time off to have surgery pursuant to the FMLA.

42. The Plaintiff's engagement in protected activity was a motivating factor for Defendant's decision to terminate the Plaintiff.

43. Plaintiff was injured due to Defendant's violations of the FMLA, in that he has suffered lost wages, salary, employment benefits and other compensation, and as such, is entitled to legal relief.

WHEREFORE, Plaintiff, ANDREW S. ROBBINS demands the following against the Defendant, OFF LEASE ONLY, INC.:

(a) A judgment that Defendant retaliated against the Plaintiff in violation of the FMLA;

(b) Compensation for lost wages, benefits, and other remuneration;

(c) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interests, pension rights and all benefits, or in the alternative, enter a judgment pursuant to 29 U.S.C. Section 2617(a)(1)(A)(i)(II) against Defendant and in favor of Plaintiff for the monetary losses Plaintiff suffered as a direct result of Defendant's violation of the FMLA;

(d) Liquidated damages;

(e)  Prejudgment interest on all monetary recovery obtained;

(f) All costs and attorney's fees incurred in prosecuting these claims; and

(g) Any other such relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

44. Plaintiff, by and through his undersigned attorney, hereby demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by jury in this action.

Respectfully submitted: this 21st day of October, 2019.

/s/ Frank M. Malatesta, Esq.
FRANK M. MALATESTA, ESQ.
Florida Bar No. 0097080
Attorney for Plaintiff
Malatesta Law Office
871 Venetia Bay Blvd., Suite 235
Venice, FL 34285
941.256.3812 PHONE

888.501.3865 FAX
frank@malatestalawoffice.com
staff@malatestalawoffice.com