UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: 0:19-cv-62608-BLOOM/Valle

ANDREW S. ROBBINS,

    Plaintiff,

v.

OFF LEASE ONLY, INC.,

    Defendant.
_____/

**PLAINTIFF'S SECOND MOTION TO COMPEL
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Andrew S. Robbins ("Plaintiff"), by and through his undersigned counsel, and pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 37 and Rules 7.1 and 26.1 of the Local Rules of the United States District Court for the Southern District of Florida, moves this Court for entry of an Order compelling Defendant Off Lease Only, Inc. ("Defendant") to produce all previously requested non-privileged responsive documents and compelling its Chief Human Resource Officer, Rebecca Radosevich ("Ms. Radosevich"), to appear for a further deposition and fully answer all questions related to non-privileged communications. In support of his Motion, Plaintiff states as follows:

## I. DEFENDANT HAS ENGAGED IN DILATORY DISCOVERY TACTICS THROUGHOUT THE LITIGATION.

On October 21, 2019, Plaintiff, a former employee of Defendant, filed a Complaint alleging, *inter alia*, that Defendant terminated Plaintiff's employment to interfere with his rights and/or in retaliation against him for requesting to take leave pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*. ("FMLA"). *See* ECF No. 1. On December 4, 2019, Defendant filed its Answer, Defenses, and Affirmative Defenses and on December 6, 2019, it filed an Amended Answer. *See* ECF Nos. 12, 14. On December 17, 2019, Plaintiff served Defendant with Plaintiff's first set of discovery demands.[1] Defendant requested several extensions of time to produce its responses and Plaintiff consented to each request. On February 14, 2020, Defendant served Plaintiff with Unverified Answers and Objections to Plaintiff's Interrogatories and Answers and Objections to Plaintiff's Request for Production.[2] Defendant's discovery responses were deficient in several respects and it did not produce a privilege log despite asserting numerous

---

[1] *See* Plaintiff's First Set of Interrogatories to Defendant and First Request for the Production of Documents annexed hereto as **Exhibit A** and **Exhibit B**, respectively.
[2] *See* Defendant's Unverified Answers and Objections to Plaintiff's Interrogatories and Answers and Objections to Plaintiff's Request for Production annexed hereto as **Exhibit C** and **Exhibit D**, respectively.

privilege-based objections. As such, on May 6, 2020, after good faith conferral efforts failed, Plaintiff filed a motion to compel. *See* ECF No. 21.

In the days leading up to the Hearing, and over six months after Plaintiff served his discovery requests, Defendant finally provided Plaintiff with a privilege log, in addition to amended, verified answers to Plaintiff's Interrogatories and a supplemental document production.[3] In its initial privilege log, Defendant identified only ten (10) documents and asserted a nearly identical "Attorney-Client Privilege" basis for each of them, "[l]egal advice from Off Lease's general counsel" regarding either Plaintiff's request for leave or Plaintiff's termination.[4] Defendant did not include the titles/positions of the authors and recipients listed on the log nor did it otherwise identify its "general counsel." Moreover, Defendant's discovery responses remained largely deficient. On June 25, 2020, the parties telephonically appeared for the Motion Hearing during which the Court granted in part and denied in part Plaintiff's motion to compel. More specifically, the Court ordered Defendant to, among other things, amend its privilege log to comply with the Rules by July 8, 2020. During the Hearing, the Court was hesitant to grant Plaintiff's request to review Defendant's purportedly privileged documents in camera on the basis that its privilege log was insufficient at that time.

Since the Hearing, Defendant has continued to withhold relevant documents and information from Plaintiff that go to the heart of his FMLA claims under the guise of attorney-client privilege. Defendant's disingenuous assertions of privilege persisted through Plaintiff's depositions of Defendant's witnesses. On July 8, 2020, Defendant served its Amended Privilege

---

[3] *See* Defendant's Privilege Log and Defendant Off Lease Only, Inc's Verified Answers and Objections to Plaintiff's Interrogatories submitted June 1, 2020 annexed hereto as **Exhibit E** and **Exhibit F**, respectively.
[4] *See* Ex. E, Defendant's Privilege Log at 1-3.

Log only to provide Plaintiff with yet another amended privilege log the following day.[5] In fact, Defendant provided Plaintiff with its Second Amended Privilege Log shortly before the deposition of Defendant's Chief Human Resources Officer ("CHRO") Ms. Radosevich was scheduled to begin.[6] Defendant made several notable changes to its Privilege Log that go beyond making it compliant with the Rules. Defendant's initial privilege log contained ten (10) entries while its latest one contains twenty (20). Defendant updated "general counsel" to "employment counsel" on its Privilege Log and now conveniently claims that Ms. Radosevich (who happens to be an attorney) is and has been Defendant's employment counsel, in addition to its CHRO.[7] Indeed, during her deposition, Ms. Radosevich refused to answer questions related to Defendant's operational decisions, including those carried out in her capacity as Defendant's CHRO, under an alleged claim of attorney-client privilege and at the direction of her attorney. Ms. Radosevich also refused to respond to questions regarding Plaintiff's request for FMLA leave. Regardless of whether Ms. Radosevich has ever given legal advice to Defendant, it is apparent that Defendant is withholding important relevant documents and information based on overly-broad claims of attorney-client and work product privileges. Accordingly, Plaintiff is requesting an in camera review by the Court of seventeen (17) documents, primarily e-mail communications, listed on Defendant's Second Amended Privilege Log and further discussed below. In addition, for the reasons set forth herein,

---

[5] *See* Defendant's Amended Privilege Log served July 8, 2020 and Defendant's Second Amended Privilege Log served July 9, 2020 annexed hereto as **Exhibit G** and **Exhibit H**, respectively. Although both Privilege Logs reflect that they were submitted on June 8, 2020 (signature page) and served on June 1, 2020 (Certificates of Service), Defendant served them on July 8 and July 9, 2020. Further, please note that for ease of reference, Plaintiff's counsel has numbered the entries on Defendant's Second Amended Privilege Log.

[6] *See* Rebecca Radosevich's deposition transcript annexed hereto as **Exhibit I**.

[7] Notably, up to this point in the litigation, Defendant did not identify Ms. Radosevich as its "employment counsel" or one of its attorneys nor did Ms. Radosevich describe herself as same. *See* Ex. F at 1, Defendant's Verified Responses to Plaintiff's Interrog. Nos. 1, 2, 7, 16, and 18, which were signed and verified by Ms. Radosevich herself (identifying Rebecca Radosevich, Esq. as Defendant's Chief Human Resources Officer in response to questions seeking, in part, her title and position with Defendant); Ex. E, Defendant's original Privilege Log. Further, Ms. Radosevich is not identified as such on her LinkedIn page or in her electronic mail signature.

Plaintiff respectfully submits that this Court should compel Defendant to produce all oustanding responsive documents and direct that Ms. Radosevich appear for a further deposition and fully respond to answers seeking non-privileged, relevant information as further set forth below.

## II. LEGAL STANDARD

### A. Defendant Bears The Burden Of Proving That Its Documents Are Protected From Disclosure By Attorney-Client Privilege.

Not every communication between a lawyer and client is protected by the attorney-client privilege. The privilege only applies if the following elements are established:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*In re Witness Before Grand Jury No. 82-5*, 558 F. Supp. 1089, 1091 (S.D. Fla. 1983)(citation omitted). The party invoking the attorney-client privilege has the burden of proving that an attorney-client relationship existed and that the particular communications were confidential. *Lafarge N. Am., Inc. v. Matraco-Colorado, Inc.*, 2008 WL 2474638 at *5 (S.D. Fla. June 19, 2008). The party must establish that the communications occurred in connection with the rendition of legal, not business, advice, were between an attorney and the client, and were intended to be, and were in fact, made in confidence. *Id*.

### B. Attorney-Client Privilege Is Applied More Narrowly And Cautiously For In-House Counsel.

In cases involving claims of privilege based on communications with in-house counsel, the law requires that the protections afforded by the attorney-client privilege be "applied more narrowly and cautiously." *Burgos-Stefanelli v. Napolitano*, No. 09 Civ. 60118, 2009 WL

4

10667764, at *2 (S.D. Fla. Dec. 17, 2009) (citation omitted). For a communication to or from in-house counsel to be privileged, it must involve the application of legal principles or analysis – not merely advice on personnel management and human resources decisions. *See MSF Holding, Ltd. v. Fiduciary Tr. Co. Int'l*, No. 03 Civ. 1818, 2005 WL 3338510, at *1 (S.D.N.Y. Dec. 7, 2005) (holding that e-mails from in-house counsel constituted business advice because counsel "never alluded to a legal principle in the documents nor engaged in legal analysis"); *AU New Haven, LLC v. YKK Corp.*, No. 15 Civ. 03411, 2017 WL 4838793, at *4 (S.D.N.Y. Oct. 24, 2017). Moreover, the mere presence of an attorney or legal issues does not, in and of itself, trigger attorney-client privilege. *Thompson v. Chertoff*, No. 3:06-CV-004, 2007 U.S. Dist. LEXIS 85221, at *4-6 (N.D. Ind. Nov. 15, 2007); *see also Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 453 (N.D. Ill. 2006) (indicating that an attorney's mere presence does not shield a communication); *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 232 F.R.D. 669, 675 (D. Kan. 2005) ("There is also a distinction between a conference with counsel and a conference at which counsel is present; the mere presence of counsel at a meeting does not make all communications during that meeting privileged").

**III.   ARGUMENT**

**A.   This Court Should Review Defendant's Allegedly Privileged Communications In Camera, Compel Defendant To Produce All Non-Privileged Responsive Communications, And Direct Defendant's Chief Human Resource Officer To Appear For A Further Deposition And Fully Answer Questions.**

In its Second Amended Privilege Log, Defendant identifies twenty (20) communications that it has withheld and refused to offer testimony about on the basis of attorney-client privilege and/or the work product doctrine. Plaintiff challenges Defendant's withholding of Privilege Log Entry Numbers ("PL Nos.") 2 through 17 on the basis of attorney-client privilege (and work

product with respect to PL No. 17).[8] As further set forth below, Defendant's allegedly privileged communications reflect routine HR advice at most and are subject to disclosure.

1. *Communications Related to Plaintiff's Vacation Request*

PL Nos. 1 through 8 all relate to a request made by Plaintiff's supervisor, Ray Rodriguez, to Human Resources for a personnel management decision on how Defendant wanted to respond to a request by Plaintiff for a leave of absence. First, Defendant produced this document during discovery, voluntarily disclosed PL No. 1, and has waived any right to assert privilege over said email. It is Plaintiff's position that this waiver arguably carries through to the entire chain of emails associated with the vacation request. In his email, Plaintiff's supervisor, Mr. Rodriguez, writes as follows to Defendant's CHRO, Ms. Radosevich, and Corporate General Manager Bob Harris: "Please read below and provide assistance for handling this situation. Is there anything we can do to accommodate [Plaintiff]? Do we proceed to term?"[9] Thus, upon review, this was a routine request regarding HR or personnel management decisions and not a request for legal advice. Yet, in its Privilege Log, Defendant misleadingly claims that this is a "[r]equest for legal advice from Off Lease's employment counsel regarding Plaintiff's request for leave." This Privilege Log entry and Defendant's claim that this document is privileged underscores the need for an in camera review of their allegedly privileged documents. Indeed, the entries for PL Nos. 2 through 7 are each predicated upon the first email being a "request for legal advice." Defendant has not, because it cannot, meet its burden of proving these routine HR communications were made primarily for the provision of legal advice. Further, any applicable privilege was waived by disclosing PL No. 1.

---

[8] PL No. 1 has been voluntarily waived and PL Nos. 18 through 20 appear to be properly withheld under the attorney-client work product doctrine and, as such, these communications are not at issue for the purpose of the instant Motion.
[9] *See* Ex. D, Def.'s Doc. Prod. at DEF000067-68.

## 2. *Communications Related To Plaintiff's Request For FMLA Leave*

The next chain of documents and/or conversations all revolve around Plaintiff's request for FMLA. PL No. 9 is described as "Notes from conversation with client regarding legal advice from Off Lease's general counsel." Defendant's use of "general counsel" makes it unclear who was on the telephone call. As this title was erroneously attributed to Ms. Radosevich in the first version of the privilege log, it is unclear whether Defendant has misattributed this title yet again. The shifting titles and justifications within the now twice amended privilege log makes it impossible to evaluate whether attorney-client privilege applies. PL No. 10 is a communication by CHRO Ms. Radosevich to Mr. Fischer and Mr. Harris and Defendant claims privilege on the basis that this communication constitutes "legal advice from Off Lease Only's employment Counsel regarding Plaintiff's request for FMLA leave." PL No. 11 is supposedly a response to "legal advice," PL No. 12 a provision of "[c]ontinued legal advice," and PL No. 13 a response to "legal advice." PL Nos. 14 and 15 are directives to a non-attorney Human Resources Generalist to "take action on FMLA request" and the basis for the privilege is that such a request was "based on legal expertise." Clearly, this is not protected under any theory of attorney-client privilege. It is well-settled that routine communications within HR such as those (a) informing management that an FMLA request was made, (b) containing business management discussions about whether to grant such leave, or (c) directing a human resources generalist to prepare paperwork or review an employee's records and other similar communications are not afforded protection under attorney-client privilege. *See Koumoulis v. Ind. Fin. Mktg. Grp.,* 295 F.R.D 28, 45 (E.D.N.Y. 2013), *aff'd,* 29 F. Supp. 3d 142 (E.D.N.Y. 2014)("Despite its legal content, human resources work, like other business activities with a regulatory flavor, is part of the day-to-day operation of a business; it is not a privileged legal

activity"). Here, Defendant simply has not met its burden of demonstrating that this communication was primarily made for the purpose of giving or requesting legal advice.

### 3. *Communications Related To Plaintiff's Termination*

PL No. 16 is a telephone call from Defendant's Chief Human Resources Officer, Ms. Radosevich, to its CEO, Mark Fischer. During his deposition, at which Ms. Radosevich was present, Mr. Fischer testified that "[i]t was recommended that [Plaintiff] be terminated by the HR Department" and further that he was asked for and gave the approval to terminate his employment.[10] Subsequently, at her deposition, Ms. Radosevich testified that as Defendant's CHRO, she oversees the human resources department with all of the HR functions. Ex. I, Radosevich Dep. 6:2–7. Yet, Ms. Radosevich then refused to testify about her discussions with Mr. Fischer, including any recommendation that she made regarding the personnel decision to terminate Plaintiff's employment. The recommendation for Plaintiff's termination, which came from HR, is a personnel management decision. However, this personnel management communication was either a verbal recommendation that has been wrongfully withheld under the guise of attorney-client privilege or it is hidden within one of the alleged privileged documents. PL No. 17 is an email "regarding the drafting if Plaintiff's termination letter" written and sent by Defendant's CHRO, Ms. Radosevich, to Mr. Fischer, CEO, and Ejola Cook, Vice President, Chief

---

[10] *See* Mark Fischer's Deposition Transcript annexed hereto as **Exhibit J**. Specifically, Mr. Fischer testified as follows:
```
4 Q. Were you the one who decided whether or not to
5 terminate Mr. Robbins?
6 MS. ALEXANDER: Object to the form.
7 THE WITNESS: Yes.
8 BY MR. MALATESTA:
9 Q. When did you make that decision?
10 A. I'd have to refer back to some -- some
11 information on that. It was recommended that he be
12 terminated by the HR department, and I was asked for
13 approval, and I had given the approval to terminate his
14 employment.
```
Ex. J, Fischer Dep. 18:4–14.

Administrative Officer, General Counsel. Ex. H at 5. Defendant asserts both Attorney-Client Privilege and Work Product with respect to this termination email and claims that "[t]his email was made in anticipation of litigation." *Id*. All persons involved in this email hold operational duties with Defendant and nothing in the privilege basis description alleges that legal advice was actually sought or given. In essence, Defendant appears to argue that any discussion with an attorney present constitutes a privileged communication. However, the drafting of a termination letter to be disclosed to a third party does not warrant protection under attorney-client privilege or the work product doctrine. In *Leazure v. Apria Healthcare Inc.*, the Magistrate Judge rejected the employer's argument that documents from in-house counsel discussing the reasons for plaintiff's termination were covered by the attorney-client privilege or the work product doctrine. *Leazure v. Apria Healthcare Inc.*, No. 1:09-cv-224, 2010 U.S. Dist. LEXIS 105301, at *2-3 (E.D. Tenn. Sep. 30, 2010)(noting that termination documents were created by in-house counsel performing normal human resource functions and were not created to provide legal advice to the employer).

For the foregoing reasons, Plaintiff respectfully submits that an in camera review of Defendant's purportedly privileged documents is necessary to ensure that it has properly asserted the attorney-client privilege and/or work product doctrine with respect to the aforementioned documents. These communications, which are related to Plaintiff's vacation approval, Plaintiff's request for FMLA leave, and HR's recommendation to terminate Plaintiff's employment, are all highly relevant to both Plaintiff's claims and Defendant's defenses.

**B.    The Court Should Award Plaintiff Attorney's Fees and Costs.**

Plaintiff also requests that this Court award him reasonable expenses incurred in preparing and filing the instant Motion, including his attorney's fees and costs pursuant to Fed. R. Civ. P. 37. As recognized by this Court, Rule 37(a)(5) provides for the payment of expenses, including

attorney's fees, when a court grants a motion to compel discovery. *Powers*, *v. Target Corp.*, No. 19-CV-60922, 2020 U.S. Dist. LEXIS 14011, at *7 (S.D. Fla. Jan. 24, 2020)(citation omitted). The payment of the moving party's expenses is required unless "the opposing party's nondisclosure, response or objection was substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii) and (iii); *see also DeVaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993)(noting that sanctions under Rule 37(a)(4) are mandatory unless the court finds a substantial justification for discovery delays). Here, Defendant's ongoing refusal to meaningfully participate in discovery and its dilatory tactics are not substantially justified nor are there any other circumstances present that would make an award of expenses to Plaintiff unjust. Defendant's willful refusal to meaningfully participate in discovery has severely prejudiced Plaintiff's ability to prosecute his case.

### IV.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Second Motion to Compel in its entirety and enter an Order: (1) Directing Defendant to provide the Court with the aforementioned documents listed on Defendant's Second Amended Privilege Log for an in camera review in order to determine which documents, or portions thereof, if any, are privileged; (2) Compelling Defendant to produce all non-privileged responsive documents to Plaintiff; (3) Compelling Ms. Radosevich to appear for a further deposition and answer all questions regarding HR and personnel management with respect to Plaintiff's employment; (4) Extending the dispositive motion deadline by thirty (30) days to allow for the disclosure of any non-privileged discovery and the further deposition of Ms. Radosevich; (5) Awarding Plaintiff his attorneys' fees and costs; and (6) Granting such other relief as this Court deems just and proper.

**REQUEST FOR HEARING**

Plaintiff respectfully requests a hearing of this Motion and believes it is necessary to discuss the history of the discovery dispute between the Parties, the numerous efforts on Plaintiff's part to resolve it, Plaintiff's need for the information and documents requested, in addition to the delay and prejudice to Plaintiff's ability to meet the discovery deadlines set forth in the Court's Scheduling Order that Defendant's dilatory conduct has caused.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues. Specifically, prior to making the instant Motion, Plaintiff's undersigned counsel conferred with Defendant's counsel during a telephone conference held on Thursday, July 16, 2020 in a good faith attempt to resolve all outstanding discovery issues raised in the instant Motion to Compel to no avail.

Dated this 27th day of July, 2020                    Respectfully submitted,

*/s/ Frank M. Malatesta*
FRANK M. MALATESTA, ESQ.
Florida Bar No. 0097080
MALATESTA LAW OFFICE
871 Venetia Bay Blvd., Suite 235
Venice, Florida 34285
Telephone: (941) 256-3812
Facsimile: (888) 501-3865
frank@malatestalawoffice.com
staff@malatestalawoffice.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of July, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified in the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

*/s/ Frank M. Malatesta*
FRANK M. MALATESTA, ESQ.
Florida Bar No. 0097080
MALATESTA LAW OFFICE
871 Venetia Bay Blvd., Suite 235
Venice, Florida  34285
Telephone: (941) 256-3812
Facsimile:  (888) 501-3865
frank@malatestalawoffice.com
staff@malatestalawoffice.com
*Attorney for the Plaintiff*

## SERVICE LIST

Abbye E. Alexander, Esq.
KAUFMAN DOLOWICH & VOLUCK, LLP
301 E Pine Street, Suite 840
Orlando, Florida 32801
aalexander@kdvlaw.com

Benny Menaged, Esq.
KAUFMAN DOLOWICH & VOLUCK, LLP
100 SE 3rd Avenue, Suite 1500
Fort Lauderdale, Florida 33301
smenaged@kdvlaw.com
tbell@kdvlaw.com

*Attorneys for Defendant*