**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

CASE NO: 0:19-cv-62608

ANDREW S. ROBBINS,

    Plaintiff,

v.

OFF LEASE ONLY, LLC,

    Defendant.
_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

Defendant, OFF LEASE ONLY, LLC. ("Defendant" or "Off Lease"), pursuant to Federal Rule of Civil Procedure 37, hereby files its Response to Plaintiff, Andrew Robbins' ("Plaintiff" or "Mr. Robbins'") Second Motion to Compel, and requests that Plaintiff's Motion be denied as the documents Plaintiff is seeking are protected by the attorney-client privilege. In support of Defendant's Response to Plaintiff's Second Motion Compel, Defendant states as follows:

**I.    Background**

This action was brought by Plaintiff, Andrew Robbins, against his former employer, Off Lease, for alleged violations of the Family and Medical Leave Act ("FMLA"). Specifically, Mr. Robbins contends that Off Lease terminated his employment after he requested FMLA leave for alleged medical issues after being on leave in Brazil for two (2) weeks, for non-health related reasons. Despite his contentions, Defendant asserts that Plaintiff was not terminated due to his request for FMLA leave. By the time Plaintiff requested the referred leave, Plaintiff had already resigned and abandoned his position by failing to timely report to work or notify Off Lease that he would not be reporting to work at his scheduled time to return or for the two days thereafter. Thus,

1

as Plaintiff was no longer an employee when he requested FMLA leave, he was not entitled to the same.

Plaintiff filed his Complaint on October 21, 2019. *See* ECF No. 1. Defendant denied all of Plaintiff's claims in its Answer to the Complaint, Defenses and Affirmative Defenses and its Amended Answer to the Complaint, Defenses and Affirmative Defenses. *See* ECF Nos. 12 and 14.

On December 17, 2019, Plaintiff served Defendant with Plaintiff's First Set of Interrogatories and First Request for Production. In response, on February 14, 2020 (after an agreed upon extension), Defendant served Plaintiff with its Answers and Objections to Plaintiff's Interrogatories and Answers and Objections to Plaintiff's First Request for Production.

On February 21, 2020, Plaintiff sent Defendant a conferral letter to address certain discovery issues. On March 6, 2020, Plaintiff and Defendant came to an agreement on several of the issues. Around that time, the coronavirus pandemic screeched businesses to a halt resulting in the delay of producing the agreed upon amended discovery responses. Additionally, the undersigned was diagnosed with the coronavirus, COVID-19, which resulted in further delay. Accordingly, Defendant unpreventably needed more time to produce the amended discovery responses and, contrary to Plaintiff's allegations (and known full-well by his counsel), the delay was not due to dilatory purposes. The undersigned continued to test positive for COVID-19 through April.

Through both a good faith conferral and the July 25, 2020 Order on Plaintiff's First Motion to Compel, Plaintiff and Defendant resolved all discovery issues, except for the privilege documents which are currently at issue in Plaintiff's Second Motion to Compel. This Honorable Court's Order on Plaintiff's First Motion to Compel, required Defendant to amend and serve an

amended privilege log, as it was determined to be procedurally deficient. *See* ECF No. 25. Pursuant to the Order, Defendant corrected certain deficiencies with its privilege log and served the amended privilege log upon Plaintiff on or about July 8, 2020. Thereafter, due to a clerical error, and in the interest of full disclosure, Defendant served Defendant's Second Amended Privilege Log upon Defendant on or about July 9, 2020, to include a September 5, 2020 phone call conversation that had taken place between Rebecca Radosevich and Defendant's CEO, relating to Plaintiff's failure to be at work during the week[1].

On or about July 27, 2020, Plaintiff filed a Second Motion to Compel, seeking the documents withheld on Defendant's Second Amended Privilege Log. Despite Plaintiff's concession that the Second Amended Privilege Log "go[es] beyond making it compliant with the Rules," he is still attempting to seek privileged communications based on his meritless assertions that the withheld communications are not considered privileged.

First and foremost, Plaintiff is well aware that Off Lease's employment attorney, Rebecca Radosevich, functions as their employment counsel, as his counsel had settlement communications with her in her legal capacity as counsel for Off Lease prior to the initiation of this lawsuit. Additionally, while her official title at Off Lease is Chief Human Resources Officer, her employment counsel role at the company is undisputed. *See generally* Radosevich Affidavit, Exhibit "A."

Most importantly, Plaintiff's Second Motion to Compel is almost entirely predicated and supported by case law indicating that communications that are "routine" or in the "ordinary course of business" should not be withheld based on privilege. However, Plaintiff's assertions are not

---

[1] The telephone conference was listed in the First Amended Privilege Log but it was revised and refiled on July 9, 2010 to include additional details.

3

applicable under these circumstances, do not apply and completely ignore the underlying facts of this case, which will be discussed more thoroughly below.

As set forth above, Defendant asserts that Plaintiff requested FMLA leave after he committed a separate distinct act that would have otherwise ended his employment. The obligations put on an employer after FMLA is requested combined with Plaintiff committing an act that would have otherwise resulted in his termination is most certainly not routine or in the ordinary course of business, and is the exact type of circumstance that Off Lease retains an employment counsel on staff for which to consult with.

The communications Plaintiff is seeking in Plaintiff's Second Motion to Compel are the quintessential communications that the attorney-client privilege are meant to protect and therefore his Second Motion to Compel should be denied. The communications sought relate to 1) candid communications between Defendant's employment counsel and Off Lease (client) regarding the legal implications of the precedent for granting Plaintiff an extended leave of absence; 2) candid communications between Defendant's employment counsel and Off Lease (client) containing legal advice as to the actions Defendant should take based on Plaintiff's request for FMLA leave after Plaintiff already committed an act for which he would already been terminated; and 3) private communications between Defendant's employment counsel and Off Lease (client) containing legal advice as it related to terminating Plaintiff after he requested FMLA leave, which was made in anticipation of litigation.

### II. Legal Argument

Corporations, acting through their employees, are entitled to the attorney-client privilege for in-house counsel. *U.S. v. Lockheed Martin Corp.*, 995 F.Supp. 1460, 1464 (M.D.Fla.1998); *see also Upjohn Co. v. United States*, 449 U.S. 383, 394-95, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981)

(accepting principle that in-house counsel should be entitled to same attorney-client privilege as other lawyers). "[C]ommunications. . .for the express purpose of securing or giving legal advice or assistance are entitled to attorney-client privilege protection." *Lafarge North America, Inc. v. Matraco-Colorado, Inc.*, 2008 WL 2472638, 5 (S.D.Fla. 2008). In addition to the attorney-client privilege, protection is afforded to attorney work product. Materials prepared by a party's representative, including his or her designated agent, to aid in anticipated or pending litigation will be protected from disclosure unless the party seeking discovery shows substantial need for the materials and cannot acquire a substantial equivalent without undue hardship. *Hickman v. Taylor*, 329 U.S. 495, 511, 67 S.Ct. 385, 91 L.Ed. 451 (1947); Fed.R.Civ.P. 26(b)(3)(A); *Lockheed*, 995 F.Supp. at 1464-65 (concluding that an auditor's report and memorandum was intended to advise in-house counsel on legal issues at a time when litigation was certainly contemplated and, thus, was protected work product).

Contrary to the allegations in Plaintiff's Second Motion to Compel, and as described thoroughly in Defendant's Second Amended Privilege Log, Defendant's privileged communications were not routine HR advice, but candid conversations between Off Lease management and their employment counsel regarding the legal implications of matters relating to Plaintiffs actions and legal ramifications regarding same.

### *1. Communications Related to Plaintiff's Vacation Request*

Defendant concedes that PL No. 1 (August 13, 2019 email from Ray Rodriguez to Rebecca Radosevich, Esq.) was both included on Defendant's Second Amended Privilege Log and was also produced to Plaintiff during discovery, and thus Defendant waived any assertion of privilege over this email. It should also be noted while Mr. Rodriguez's request may be ambiguous as to whether he was seeking legal advice from Defendant's employment counsel, Defendant whole-heartedly

5

affirms that the response to Mr. Rodriguez's request, and the subsequent emails contain legal advice and discussion thereof, as there was discussion of the legal consequences of the precedent that would be established if Defendant allowed Plaintiff to take an extended leave of absence (i.e. whether Defendant would be compelled by law to allow *every* similarly situated employee as Plaintiff to take an extended leave of absence when requested). Accordingly, Plaintiff's position that because one email was produced, to which said email was ambiguous as to whether it was privileged, then the entire chain of emails should be produced is without merit. As discussed, the remainder of these communications are protected by the attorney-client privilege.

### *2. Communications Related to Plaintiff's Request for FMLA Leave*

In Plaintiff's Second Motion to Compel, Plaintiff asserts that communications between Defendant's employment counsel and upper-level management are not considered privileged because they are "routine [human resources] communications." This assertion is unequivocally false and ignores the essential facts of the case that when Plaintiff requested time off about a month prior to his FMLA request, it is undisputed that he asked for either an extended leave of absence, or to be able to resign from his job and later re-apply. While Plaintiff initially requested a leave of absence for over a month, Defendant instructed Plaintiff that it could not grant that request, but that Defendant would grant him two weeks beginning August 18, 2019. Defendant's position was that if Plaintiff needed more than two (2) weeks off, he would need to resign from his position. Once the two weeks expired, and he was expected to return to work, Plaintiff did not timely return, nor did he notify his supervisor until well after his expected return. It was only after Defendant asked Plaintiff where he was that he requested FMLA leave. Ms. Radosevich rendered legal advice to Off Lease's management-level employees as the request for FMLA leave was not under normal circumstances, but after Plaintiff took part in an action that would have unequivocally ended his

employment with Off Lease. Of course, requests for FMLA trigger certain required actions by an employer, and employers need to be sure they follow the law as it relates to FMLA requests. Accordingly, this particular attorney-client conversation between Defendant's employment counsel and upper-level management was to ensure that Defendant took appropriate action in the unique circumstances involving Plaintiff's request.

### 3. Communications Related to Plaintiff's Termination

Throughout Plaintiff's Second Motion to Compel he continues to use blanket assertions that certain communications should not be deemed privileged, as they are part of "routine" communications or part of "normal human resources functions." As discussed above, these cases do not apply to Plaintiff and blatantly ignore the facts of the case: Ms. Radosevich's rendering of legal advice to Off Lease's management-level employees was done for the sole purpose that Plaintiff requested FMLA leave after Plaintiff took part in an action that would have unequivocally ended his employment with Off Lease (i.e. not returning to work after his allotted time off had elapsed). If Plaintiff had not partaken in an employment action that would have been cause for termination, then this type of communication could very well be in the ordinary course of business and could be considered routine human resources communications. But the types of complicated legal situations that arise, similar to those involving the facts of Plaintiff's termination, are the quintessential reason Off Lease employs an employment counsel. Accordingly, the conversation between Ms. Radosevich and Mr. Fischer are privileged.

Additionally, the drafting of the termination letter was certainly not made as routine or in the ordinary course of business, not only because Off Lease's General Counsel, Ejola Cook, was involved, but because of the unique circumstances described above.

For all of the reasons discussed above, Plaintiff's Second Motion to Compel should be denied in whole and this Court should protect the privileged documents between Defendant's employment counsel and upper-level management.

### A. Plaintiff should not be awarded fees and costs pursuant to Fed. R. Civ. P. 37(a)(5) as Defendant's objections were substantially justified.

Rule 37 of the Federal Rules of Civil Procedure provide in pertinent part that the Court must not order the payment of sanctions if "the opposing party's nondisclosure, responses, or objection was substantially justified." Fed. R. Civ. P. 37 (a)(5)(A)(ii).

A party's conduct during discovery is "substantially justified" under Rule 37 if it involves a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action. *See Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1948). *See also Devaney v. Continental Amer. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993).

"In other words, a position is 'substantially justified' if it has a reasonable basis in law and fact." 7-37 Moore's Federal Practice- Civil § 37.23[2]. "[T]he substantial justification standard is met when a party demonstrates that the dispute about the matter was 'genuine,' meaning that reasonable lawyers could disagree about the appropriateness of the disputed position." *Id.* "Thus, the presence of a genuine dispute over a legal issue ordinarily indicates that the losing party on the motion is 'substantially justified' in his opposition, and an award of costs to the prevailing party is unwarranted." *Quaker Chair Corporation v. Litton Business Systems, Inc.,* 71 F.R.D. 527, 535 (S.D.N.Y. 1976).

In this case, the parties already resolved most of the disputes addressed in Plaintiff's Motion to Compel. However, they were not able to resolve their dispute as to the privileged documents. For the reasons discussed above, Defendant has a reasonable basis in law to withhold

documents based on the attorney-client privilege, as they were *indeed* legal advice between Defendant's employment counsel and Defendant's upper-level management.

Therefore, as Defendant's withholding of privileged documents is substantially justified, the Court should not order Defendant the payment of expenses incurred in association with Plaintiff's Second Motion to Compel, including attorney's fees.

WHEREFORE Defendant, Off Lease Only, Inc., respectfully requests this Court enter an order denying Plaintiff's Second Motion to Compel in its entirety, and deny Plaintiff's request for attorneys' fees and costs.

        Respectfully submitted,

**KAUFMAN DOLOWICH & VOLUCK, LLP**
100 SE 3rd Avenue, Suite 1500
Fort Lauderdale, Florida 33301
Tel. (954) 712-7442; Fax (888) 464-7982

By: *s/Benny Menaged*
    Benny Menaged, Esq.
    Florida Bar No. 1008200
    Abbye E. Alexander, Esq.
    Florida Bar No. 662348
    Email: aalexander@kdvlaw.com
    Bruce S. Liebman, Esq.
    Florida Bar No. 64084
    Email: bliebman@kdvlaw.com
    *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing on this 6th day of August, 2020, with the Clerk of the Court using the CM/ECF system which will automatically send a notice of electronic filing to all counsel of record.

                                                       By: *s/Benny Menaged*
                                                           Benny Menaged, Esq.
                                                           Florida Bar No. 1008200