UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CIV-62608-BLOOM/VALLE

ANDREW S ROBBINS,

    Plaintiff,

v.

OFF LEASE ONLY, INC.,

    Defendant.
_____

## ORDER ON PLAINTIFF'S SECOND MOTION TO COMPEL

THIS CAUSE is before the Court upon Plaintiff's Second Motion to Compel (ECF No. 47) (the "Motion"). U.S. District Judge Beth Bloom has referred discovery matters to the undersigned. *See* (ECF No. 11). The Court has reviewed the Motion, Defendant's Response (ECF No. 49), and has conducted an *in camera* inspection of the documents at issue in the Motion. Accordingly, after reviewing the record and being otherwise fully advised in the matter, it is hereby **ORDERED AND ADJUDGED** that the Motion is **GRANTED IN PART AND DENIED IN PART** for the reasons set forth below.

## BACKGROUND

Plaintiff filed this action against Defendant, his former employer, for alleged violations of the Family and Medical Leave Act ("FMLA"). *See generally* (ECF No. 1). On June 25, 2020, the undersigned held a hearing on a prior motion to compel and ordered Defendant to amend its initial privilege log to cure several deficiencies. *See* (ECF Nos. 45 and 46). On July 8th and 9th, 2020,

Defendant served an Amended and a Second Amended Privilege Log.[1] The instant Motion followed and Plaintiff again challenges the propriety of Defendant's privilege log (ECF No. 47-8).[2] *See generally* (ECF No. 47). In the Motion, Plaintiff specifically requests that the Court: (i) conduct an *in camera* review of the documents listed on Defendant's Amended Privilege Log to determine which, if any, documents or portions of documents, are privileged; (ii) compel Defendant to produce all non-privileged responsive documents; (iii) compel Ms. Rebecca Radosevich (who, as discussed below, is both Chief Human Resource Officer and an attorney) to appear for a further deposition; (iv) extend the dispositive motions deadline; and (v) award Plaintiff's attorney's fees and costs relating to the Motion.[3] *Id.*

In response, Defendant generally maintains that all of the communications listed on its Privilege Log are protected by attorney-client privilege or the work product doctrine. *See generally* (ECF No. 49). In support of its Response, Defendant has also submitted the Affidavit of Ms. Radosevich. *See* (ECF No. 49-1).

## DISCUSSION

*1. Law Governing Attorney-Client Privilege*

The attorney-client privilege "protects the disclosures that a client makes to his attorney, in confidence, for the purpose of securing legal advice or assistance." *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1414 (11th Cir. 1994), *modified on other grounds*, 30 F.3d 1347 (11th

---

[1] For purposes of the instant Motion, neither the Amended nor Second Amended Privilege Log are relevant, as Defendant submitted to the Court (with purported notice to Plaintiff) a Third Amended Privilege Log, which contains email chains inadvertently omitted from the prior logs. Thus, references to "Defendant's Privilege Log" are to the Third Amended Privilege Log submitted for *in camera* inspection on August 12, 2020.

[2] Plaintiff's arguments as to the Second Amended Privilege Log remain applicable to Defendant's Third Amended Privilege Log.

[3] On August 18, 2020, the District Judge extended the trial and dispositive motions deadline in the case. *See* (ECF No. 58). Accordingly, the portion of the Motion seeking extensions of these deadlines is denied as moot.

Cir. 1994) (citations omitted). Although the privilege serves the important interest of encouraging clients to confide in their counsel, the Eleventh Circuit has recognized that because it is "an obstacle to the investigation of the truth," the privilege is not without exceptions. *Id*. (citing *Garner v. Wolfinbarger*, 430 F. 2d 1093, 1101 (5th Cir. 1970)); *see also Colonial Bancgroup Inc. v. PriceWaterhouseCoopers LLP*, No. 2:11-CV-746-BJR, 2016 WL 9687002, at *2 (M.D. Ala. Aug. 1, 2016).

In cases involving claims of privilege based on communications with in-house counsel, the protections afforded by the attorney-client privilege are "applied more narrowly and cautiously." *In Re Ford Motor Co. Crown Victoria Police Interceptor Prods. Liab. Litig.*, No. 1:02 CV 15000, 2003 WL 22217673, at *1 (N.D. Ohio July 1, 2003). The rationale is that "[l]ess protection is warranted when company officers have a mixed responsibility incorporating *both business and legal aspects*, and where their advice and communications are based on an on-going permanent business relationship rather than specific requests for legal advice." *Id*. (emphasis added). However, "the attorney-client privilege applies to communications between corporate counsel and corporate employees when the communications were made in order to secure legal advice from counsel." *In re Grand Jury Proceedings*, No. M-11-189, 2001 WL 1167497, at *27-28 (S.D.N.Y. Oct. 3, 2001) (privilege applied where in-house counsel was "functioning as an attorney").

   2. Role of Rebecca Radosevich

Here, in addition to her being Chief Human Resources Officer ("CHRO"), Ms. Radosevich is also an employment law attorney, who attests to providing Defendant with "legal advice on various legal issues, including but not limited to labor and employment related matters[,] . . . [including] legal issues relating to former employee, Andrew Robbins." *See* (ECF No. 49-1 at 2). Notwithstanding Ms. Radosevich's attestation, the undersigned's *in camera* review of the communications between Ms. Radosevich and other corporate employees leads this Court to

conclude that Ms. Radosevich was performing her duties as CHRO, providing typical human resources business advice, rather than legal advice. *See, e.g., Koumoulis v. Indep. Fin. Mktg. Grp., Inc.*, 295 F.R.D. 28, 45 (E.D.N.Y. 2013), *aff'd,* 29 F. Supp. 3d 142 (E.D.N.Y. 2014) (noting that "[d]espite its legal content, human resources work, like other business activities with a regulatory flavor, is part of the day-to-day operation of a business; it is not a privileged legal activity."). Accordingly, despite Ms. Radosevich's potential dual role with Defendant, her receipt and/or involvement in the disputed communications listed on the Third Amended Privilege Log does not, in and of itself, protect these communications from disclosure under the attorney-client privilege or work product doctrine.

Similarly, Ms. Radosevich can be deposed regarding the disputed communications that the undersigned finds are not protected by the attorney-client privilege or work product doctrine and which, as described below, Defendant must disclose.

3. *Review of Disputed Documents*

The undersigned has reviewed 34 pages of emails Bates numbered "Confidential_000001" to "Confidential_000034" to evaluate Defendant's assertion of privilege. This *in camera* inspection of documents reveals that, although Defendant's log descriptions are generally accurate, the emails include strings of messages that, in many instances, are not communications with counsel for the purpose of seeking legal advice.[4]  Thus, based on the governing law, the undersigned finds that only a few of the 34 pages of emails is properly protected by the attorney-client privilege or the work product doctrine.  More specifically, except for those documents listed

---

[4] For example, Bates number "Confidential_000015" is listed on Defendant's privilege log as 9/4/2019 "notes of phone call with [Defendant] management" that are protected by the attorney-client privilege and titled "attorney-work product privileged."  Despite the title on this document, Defendant has failed to meet its burden of showing that this page is protected from disclosure by either privilege.

4

below, the undersigned finds that the email communications listed on Defendant's Privilege Log are more accurately described as typical day-to-day human resources communications between the CHRO and company management that did not involve the request or delivery of legal advice. Accordingly, except for those pages identified below, Defendant must produce to Plaintiff the disputed documents at issue in the Motion.

**EXCEPTIONS to the production of disputed documents:**

| Bates Number | Description |
|---|---|
| "Confidential_00023 to "Confidential_00025" | 9/5/2019 @ 11:10 am email from Rebecca Radosevich to Ejola Cook, cc Mark Fischer; 9/5/2019 @ 11:49 am response from Ejola Cook to Rebecca Radosevich, cc Mark Fischer; 9/5/2019 @ 1:14 pm email from Rebecca Radosevich to Ejola Cook, cc Mark Fischer. |
| "Confidential_00031 to **TOP** of "Confidential_00032" | 9/9/2019 @ 9:29 am email from Ejola Cook to Rebecca Radosevich; 9/9/2019 @ 9:45 am response from Rebecca Radosevich to Ejola Cook. |

To be clear, the pages identified above are the **only** pages that Defendant can withhold based on the attorney-client privilege and work product doctrine. Moreover, because the discovery deadline has expired, the undersigned will shorten the time for Defendant to challenge this ruling. Accordingly, by the date set forth below, Defendant must either: (i) produce to Plaintiff all the disputed documents except for those specified above; or (ii) challenge this Order in accordance with the Federal Rules of Civil Procedure.

## **CONCLUSION**

For the reasons set forth above, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Second Motion to Compel (ECF No. 47) is **GRANTED IN PART AND DENIED IN PART**, as follows:

1.   The Court has already granted Plaintiff's request for an *in camera* inspection.

2.   Plaintiff's motion to compel production of the documents listed on Defendant's Privilege Log is **GRANTED IN PART**.  Thus, by **August 27, 2020**, Defendant must either: (i) produce to Plaintiff all disputed documents except for those specified above; or (ii) challenge this Order in accordance with the Federal Rules of Civil Procedure.

3.   Plaintiff's motion to compel the continued deposition of Ms. Radosevich is also **GRANTED IN PART**.  Thus, also by **August 27, 2020**, the parties must confer telephonically in a good faith effort to schedule the continued deposition of Ms. Radosevich.  Unless Defendant seeks review of this Order, Ms. Radosevich's deposition must be: (i) held by **September 10, 2020**; (ii) limited to 2 hours; and (iii) limited to the disclosed communications.

4.   Plaintiff's request for attorney's fees incurred in connection with the Motion under Rule 37(a)(5) is **DENIED** as Defendant's objection to producing the disputed documents was substantially justified.  The determination of whether a privilege applied was reasonably disputed.

5.   If Defendant timely moves to challenge this Order, compliance with this Order shall be stayed pending a ruling by the District Court.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on August 20, 2020.

*Alicia O. Valle*

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Beth Bloom
    All Counsel of Record