UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-62608-BLOOM/Valle

ANDREW S ROBBINS,

    Plaintiff,

v.

OFF LEASE ONLY, INC.,

    Defendant.
_____/

## ORDER ON OMNIBUS MOTION IN LIMINE

**THIS CAUSE** is before the Court upon Defendant Off Lease Only, Inc.'s ("Defendant" or "Off Lease") Omnibus Motion in Limine, ECF No. [67] (the "Motion"), filed on September 18, 2020. Plaintiff Andrew S. Robbins ("Plaintiff" or "Robbins") filed a response, ECF No. [75] ("Response"), to which Defendant filed no reply. The Court has carefully considered the Motion, the Response, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted in part.

    **I.    BACKGROUND**

The Court assumes the parties' familiarity with the facts of this case. *See* ECF No. [84]. In the Motion, Defendant moves to preclude Plaintiff from introducing the following categories of evidence at the upcoming trial:

    (a) Any mention of communications between Off Lease Management and Off Lease's Employment Counsel, Rebecca Radosevich, Esq.;

    (b) Insurance coverage;

    (c) References to offers to compromise;

    (d) Impermissible "Golden Rule" arguments;

    (e) Attempts to curry favor with the jury;

    (f) Damages not alleged in the Complaint or disclosed in Initial Disclosures;

    (g) References to any discovery disputes;

    (h) Corporate status and financial worth of Defendant; and,

    (i) Personal opinions of counsel as such evidence is strictly prohibited in trial proceedings.

The Court considers each category more fully below.

## II.  LEGAL STANDARD

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive nature of motions in limine, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 3:16-CV-1307-J-39JBT, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01CV545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *In re Seroquel Prod. Liab. Litig.*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers as they arise at trial, even though

the proffer falls within the scope of a denied motion *in limine.*" (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989))).

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'"); *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011); *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). Rule 403's "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001). The movant has the burden to demonstrate that the evidence is inadmissible. *Gonzalez*, 718 F. Supp. 2d at 1345.

### III.   DISCUSSION

The Court notes at the outset that Defendant's Motion is due to be summarily denied for failure to comply with the Local Rules and the requirements in the Court's Scheduling Order, ECF No. [11]. In his Response, Plaintiff correctly notes that Defendant failed to comply with the pre-filing conference requirement set forth in Local Rule 7.1(a)(3). In addition, the requirement was clearly stated in the Court's Scheduling Order. "Local Rule 7.1 serves the purpose not only of attempting to avoid unnecessary expenditure of judicial resources resolving motions that are not

opposed, but also to allow the Court to ascertain whether it should wait for a response from the opposing party before deciding the motion." *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.,* 744 F. Supp. 2d 1297, 1302 n.7 (S.D. Fla. 2010). As illustrated by Plaintiff's Response, had Defendant properly complied, the Court might not have needed to devote the time or resources in ruling upon a motion that the parties could have resolved by simply conferring. Nevertheless, the Court will address the substance of the Motion.

Plaintiff has no objections to Defendant's requests to exclude the evidence in categories (b)-(e) and (g)-(i). As such, the Court need not address them at length, except to note that Defendant's requests (b)-(e) and (g)-(i) are not proper for a motion in limine. "Motions in limine should be limited to specific pieces of evidence and not serve as reinforcement regarding the various rules governing trial, or (re)-addressing substantive motions such as motions for summary judgment." *Holder*, 2018 WL 4956757, at *1 (citation omitted). Nevertheless, based upon Plaintiff's non-objection to the exclusion of these categories of evidence, the Court will grant Defendant's Motion with respect to (b)-(e) and (g)-(i). The Court considers the remaining requests to exclude evidence in categories (a) and (f).

In (a), Defendant seeks to exclude any mention of communications between Off Lease Management and Off Lease's employment counsel, Rebecca Radosevich, on the basis that such communications are protected by the attorney-client privilege and are highly prejudicial. The Court disagrees. First, the Court has already determined that the communications at issue are not protected by attorney-client privilege. *See* ECF Nos. [59], [68]. Second, Defendant presents no compelling argument for why the introduction of such evidence would be so unduly prejudicial that it would justify exclusion. *See Gonzalez*, 718 F. Supp. 2d at 1345 ("The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground."). Further, any

prejudice to Defendant from the introduction of this evidence does not rise to the level of prejudice that would warrant exclusion. *See United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979) ("Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403. . . . As to such, Rule 403 is meant to relax the iron rule of relevance, to permit the trial judge to preserve the fairness of the proceedings by exclusion despite its relevance. It is not designed to permit the court to "even out" the weight of the evidence, to mitigate a crime, or to make a contest where there is little or none."). Indeed, the communications at issue are highly relevant and probative of Plaintiff's claim of FMLA retaliation. As a result, the Court will not preclude any references or evidence of the communications between Off Lease management and Ms. Radosevich.

In (f), Defendant requests that the Court exclude any evidence, testimony or argument regarding damages not specifically alleged in the Complaint or properly disclosed pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 37(c)(1) states that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (quoting *Leathers v. Pfizer, Inc.*, 233 F.R.D. 687, 697 (N.D. Ga. 2006)); *see also Cooley v. Great S. Wood Preserving*, 138 F. App'x 149, 160-61 (11th Cir. 2005); *Incardone v. Royal Caribbean Cruises, Ltd.*, No. 16-20924-CIV, 2019 WL 2709810, at *7 (S.D. Fla. June 28, 2019); *Eli Research LLC v. Must Have Info Inc.*, No. 2:13-cv-695, 2015 WL 6501070, at *2 (M.D. Fla. Oct. 22, 2015).

5

In response, Plaintiff recognizes that, while he did not allege reinstatement or front pay in his Complaint or disclose them in his Initial Disclosures, he did make it clear in his responses to interrogatories propounded by Defendant that he would seek reinstatement and/or front pay. As such, Plaintiff contends that the omission is harmless and that Defendant has not been prejudiced by his failure to disclose the additional damages because it was aware of the computation and category of damages sought by Plaintiff and had the opportunity to seek, and indeed obtained, discovery relevant to reinstatement or front pay. Defendant has not replied to Plaintiff's argument, nor has Defendant disputed Plaintiff's representation that it was aware that Plaintiff would be seeking reinstatement and/or front pay based upon his responses to interrogatories, which were served on Defendant in April, 2020. *See* ECF No. [54-1] at 6. Upon review, the Court agrees. As a result, Defendant's Motion is denied as to (f).

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [67]**, is **GRANTED IN PART AND DENIED IN PART** as set forth in this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 2, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record